Filed                    19-CI-00352   05/28/2019              Stephen Kaelin, Oldham Circuit Clerk

**COMMONWEALTH OF KENTUCKY**
**OLDHAM CIRCUIT COURT**
DIVISION ___ – JUDGE _____
CASE NO: 19-CI-_____

| | |
|---|---|
| **JOHN W. BYRNES, ATTORNEY** ) | |
|                              **PLAINTIFF** ) | |
| ) | |
| **vs.** ) | |
| ) | |
| **NATIONWIDE MUTUAL** ) | |
|  **INSURANCE COMPANY** ) | |
|   An Ohio Insurance Company, qualified ) | **COMPLAINT** |
|   in Kentucky ) | **WITH JURY DEMAND** |
| ) | |
|      *SERVE:*  Secretary of State ) | |
|                 Commonwealth of Ky. ) | |
|                 P.O. Box 718 ) | |
|                 Frankfort, KY  40602 ) | |
| For further service to: ) | |
| **Corporation Service Co., Registered Agent** ) | |
|  for **Nationwide Mutual Insurance Company** ) | |
| 421 W. Main St. ) | |
| Frankfort, KY  40601 ) | |
|                               **DEFENDANT** ) | |

Comes now the Plaintiff, **JOHN W. BYRNES, ATTORNEY,** by and through counsel, and for his cause of action states as follows:

**PARTIES, JURISDICTION and VENUE**

1. JOHN W. BYRNES, ATTORNEY (hereinafter BYRNES), at all relevant times herein, was a resident of Oldham County, Kentucky, and practicing law throughout the Commonwealth of Kentucky.

2. NATIONWIDE is a domestic insurance company with its principal place of business in Columbus, Ohio, but has registered with and been approved to do business in Kentucky and has designated Corporation Service Co. as its agent for service of process.

Filed                    19-CI-00352   05/28/2019              Stephen Kaelin, Oldham Circuit C



Presiding Judge: HON. KAREN A. CONRAD (612186)

000001 of 000007

Additionally, NATIONWIDE regularly solicits and accepts business in the Commonwealth of Kentucky and has gained substantial profits from such solicitation and acceptance, thereby benefiting from and being subject to Kentucky's regulatory insurance laws.

3.  The underlying incident which forms the basis of this litigation occurred on or about March 3, 2014, resulting in NATIONWIDE claim number 374785GA.

4.  Byrnes faxed notice of his representation to NATIONWIDE on March 7, 2014 (Exhibit 1).

5.  Jurisdiction and venue are proper as Byrnes is a resident of Oldham County, Kentucky, and, as such, pursuant to Ky. Rev. Stat. §452.450, Oldham County is the county in which the tort was committed.

6.  The amount in controversy exceeds the minimum jurisdiction of the Oldham Circuit Court and the statute of limitations for insurance bad faith (COUNT II herein) is five (5) years and the statute of limitations for statutory negligence per se (COUNT I herein) is one year from the date of legal injury which in this case is the date of the denial letter from Nationwide (Exhibit 2).

7.  Byrnes represented NATIONWIDE insureds Geovanis Jarez Valdez, Leydis Lopez Gonzalez and Noelkis Cardoza Sollet related to an automobile accident which occurred on March 3, 2014.

8.  Valdez, Gonzalez and Sollet are secured persons for purposes of Ky. Rev. Stat. §304.39-060, *et seq.*

9.  The matter was resolved and the liability insurance carrier, Sedgwick, as part of the settlement of the matter reimbursed NATIONWIDE for up to $10,000 each (a total of up to

$30,000) for basic reparation obligations paid by NATIONWIDE to Valdez, Gonzalez and Sollet.

10. Ky. Rev. Stat. §304.394-070(5) provides for a statutory fee to be paid to Byrnes as the attorney representing a secured person or persons in the event that the reparation benefits paid to said secured person(s) are reimbursed by any insurance carrier on behalf of a tortfeasor who is a defendant in a lawsuit or a potential defendant and the matter was settled prior to filing of a lawsuit.

11. Said conditions of paragraph 10 above have been met by Byrnes in this matter and fulfillment thereof is further evidenced by the benefits conferred upon Nationwide pursuant to the Affidavit of Byrnes tendered herewith as Exhibit 4.

12. Byrnes made a demand for a reasonable attorney fee of 1/3 of the reparation benefits reimbursed to NATIONWIDE or a fee of $10,000.

13. By letter (Exhibit 2) NATIONWIDE refused to comply with the statutory fee requirement and it proactively attempts to continue avoiding its statutory obligation.

14. NATIONWIDE may not proactively or otherwise avoid its statutory obligation.

15. NATIONWIDE's denial of Byrnes' statutory attorney fee is illegal per se and outrageous and constitutes grounds for punitive damages.

## COUNT I
### STATUTORY NEGLIGENCE PER SE AGAINST NATIONWIDE

16. JOHN W. BYRNES, ATTORNEY hereby reaffirms, reiterates and incorporates all allegations as if fully set forth herein.

17. NATIONWIDE'S actions constitute violations of various sections and subsections of the Kentucky Revised Statutes; including, but not limited to KRS 304.12-230 and KRS 304.39-070(5) and constitute negligence per se pursuant to KRS 446.070 and Kentucky

Presiding Judge: HON. KAREN A. CONRAD (612186)

COM : 000003 of 000007

case law, specifically, but not limited to, *Baker v. Motorists Ins. Companies*, 695 S.W.2d 415 (Ky. 1985) (Exhibit 3).

18. JOHN W. BYRNES, ATTORNEY, as required by *Baker*, conferred benefits upon NATIONWIDE as set forth in the Affidavit attached hereto as Exhibit 4.

19. That the injuries sustained by JOHN W. BYRNES, ATTORNEY are of the type which these statutes seek to prevent and that such injuries were proximately caused by NATIONWIDE'S violation of these statutes.

20. That as a direct and proximate result of NATIONWIDE MUTUAL INSURANCE COMPANY'S violations of Kentucky law, JOHN W. BYRNES, ATTORNEY sustained itemized injuries and damages in the amount of $10,000.00 plus compensatory damages in an amount not to exceed in total combination $74,999.00 for the mental and physical anguish and pain and suffering associated with enforcement of a legal statutory right.

## COUNT II

### STATUTORY BAD FAITH AGAINST NATIONWIDE
### KENTUCKY UNFAIR CLAIMS SETTLEMENT PRACTICE ACT
### KRS 304.12-230 & 304.12-235

21. JOHN W. BYRNES, ATTORNEY hereby reaffirms, reiterates and incorporates all allegations consistent with COUNTS I, II and III, as if fully set forth herein.

22. That NATIONWIDE has violated the following provisions of the Kentucky Unfair Claims Settlement Practice Act (KUSCPA), KRS 304.12-230 *et seq.*, specifically subsections:

    (6) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

    (7) Compelling insureds to institute litigation to recover amounts due

under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds; and

(14) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement

and

KRS 304.39-070:

(5) An attorney representing a secured person in any action filed under KRS 304.39-060 shall be entitled to a reasonable attorneys' fee in the event that reparation benefits paid to said secured person by that secured person's reparations obligor are reimbursed by any insurance carrier on behalf of a tortfeasor who is the defendant in any such action filed by the said secured person or in the event such potential 'action' is settled by said potential tortfeasor's insurance carrier on his behalf prior to the filing of any such suit..

23. That the losses and damages sustained by JOHN W. BYRNES, ATTORNEY as set forth above are of the type that the KUSCPA and KRS 304.39-070 were designed prevent and were proximately caused by NATIONWIDE'S violations of the KUSCPA and KRS 304.39-070.

24. That a single violation of any provision of the KUCSPA constitutes negligence per se and gives rise to a tort claim for extra-contractual compensatory and punitive damages as well as attorney fees pursuant to KRS 446.070 and 304.12-230 *et seq.*

## COUNT III
## PUNITIVE DAMAGES AGAINST NATIONWIDE

Presiding Judge: HON. KAREN A. CONRAD (612186)

COM : 000005 of 000007

25. JOHN W. BYRNES, ATTORNEY hereby reaffirms, reiterates and incorporates all allegations consistent with COUNTS I, II, and III as if fully set forth herein.

26. That NATIONWIDE has acted outrageously and with oppression, fraud, and malice with respect its acts recounted in COUNTS I and II, above.

27. That NATIONWIDE knew or should have known from information contained in its own files that JOHN W. BYRNES, ATTORNEY, through the many actions recounted in his Affidavit (Exhibit 4), conferred a benefit upon NATIONWIDE.

28. That NATIONWIDE outrageously, intentionally and knowingly lied when it wrote the words "…the actions of [BYRNES] did not confer a benefit on Nationwide…" in the denial letter it sent to undersigned counsel (Exhibit 2).

29. That NATIONWIDE is liable for punitive damages to JOHN W. BYRNES, ATTORNEY pursuant to KRS 367.220(1) and KRS 411.184 as well as Kentucky common law in an amount not to exceed $74,999.00.

WHEREFORE, the Plaintiff JOHN W. BYRNES, ATTORNEY demands as follows:

A) Judgment against NATIONWIDE MUTUAL INSURANCE COMPANY for compensatory damages of not more than $74,999.00 and itemized damages of $10,000.00;

B) Judgment against NATIONWIDE MUTUAL INSURANCE COMPANY for punitive damages in an amount not to exceed $74,999.00;

C) Pre and post judgment interest;

D) Court costs;

E) For summons to issue as directed in the caption by certified mail; and

F) Any and all other relief to which the Plaintiff JOHN W. BYRNES, ATTORNEY may be entitled;

Presiding Judge: HON. KAREN A. CONRAD (612186)

COM : 000006 of 000007

G) In no event shall JOHN W. BYRNES, ATTORNEY, accept a total award in excess of $74,999.00 nor is he seeking a total amount in excess of $74,999.00.

Respectfully submitted,

*/s/ Jeffrey A. Sexton*

_____
PIRATA PSC d/b/a/ Jeffrey A. Sexton, Attorney
325 W. Main St., Ste. 150
Louisville, KY 40202
(502) 893-3784
*Counsel for Plaintiff John W. Byrnes, Attorney*

# John W. Byrnes

**Attorney at Law**
4410 S. 3rd Street
Louisville, Kentucky 40214
Office: (502) 364-2500
Fax:    (502) 384-9077

## FACSIMILE TRANSMITTAL

TO:         Ruth Osbourne, Nationwide

FROM:       John Byrnes

RE:         Geovanis Jerez Valdez, Noelkis Cardoza Sollet, and Leydis Lopez Gonzalez

**Claim No:** 374785GA

DATE:       March 7, 2014

FAX#:       1-877-295-6174

PAGES:      3, including this page

Dear Ms. Osbourne:

I have been retained to represent the above referenced persons who were injured in an automobile collision on 03-03-14. Please direct PIP benefits for continuing treating at Metro Care Chiropractic as well as sending us a pip ledger every 6 weeks. If you need any additional information please give me a call.

If you have any questions or concerns feel free to give me a call.

Thank you,

John Byrnes
Attach to this letter is a copy of the civilian report

CONFIDENTIAL NOTE:   The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone (collect, if long distance), and return the original message to us at the address above via the United States Postal Service. We will gladly reimburse you for any reasonable costs incurred in complying with this request. Thank you.

Presiding Judge: HON. KAREN A. CONRAD (612186)

EXH : 000001 of 000001

Filed        19-CI-00352  05/28/2019        Stephen Kaelin, Oldham Circuit Clerk



**WALTERS RICHARDSON PLLC**

**PLANNING TO RESOLVE.**
**PREPARING TO WIN.**

**JOHN W. WALTERS**
LEXINGTON OFFICE

LOUISVILLE OFFICE

NORTHERN KENTUCKY OFFICE

TENNESSEE OFFICE

May 8, 2019

<u>Sent Via Email</u>: *jsexton@jeffsexton.com*
*blackbeard@pirata-psc.com*

Jeffrey A. Sexton, Attorney
Pirata, PSC
325 West Main Street, Suite 150
Louisville, KY 40202

RE:   Claim #374785-GA

Dear Jeff:

This correspondence is sent in response to your March 12, 2019, letter regarding Claim Number 374785-GA, pertaining to John Byrnes' representation of Noelkis Cardoza Sollett, Geovanie Jarez Valdez and Leydis Lopez Gonzalez. In that letter directed to my client, Nationwide Insurance, you have demanded payment to your client, John Byrnes, for attorney's fees you allege he earned as a result of his work on that claim.

Please accept this correspondence as Nationwide's denial of the claim you have made on behalf of your client, John Byrnes, with regard to Claim Number 374785-GA. Based upon our review of that file, the actions of your client did not confer a benefit on Nationwide, as required by *Baker v Motorists Insurance Co.*, sufficient for the recovery of attorney's fees pursuant to KRS 304.39-070(5).

If there is anything further that you would like to discuss with me personally regarding this denial, please feel free to contact me at any time. Furthermore, if you have additional information beyond what has been presented in your letter which you believe further supports your claim for attorney's fees, please provide that to me at your earliest convenience, and we will further consider your claim.

Sincerely,

John W. Walters

JWW/jl
21123896174C-NKPettbl(Gobien and Walters(AWSON)(1036623-1.docx

Presiding Judge: HON. KAREN A. CONRAD (612186)

EXH : 000001 of 000001

Baker v. Motorists Ins. Companies, 695 S.W.2d 415 (Ky. 1985)

Supreme Court of Kentucky

# Baker v. Motorists Ins. Companies

### 695 S.W.2d 415 (Ky. 1985)

Decided September 5th, 1985

LEIBSON, Justice.

Appellant, Nicholas Baker, is an attorney who asserts that he is entitled to a statutory fee from Motorist Insurance Companies ("Motorist") under KRS 304.39470(5), a part of the Motor Vehicle Reparations Act (MVRA). It provides:

> "An attorney representing a secured person in any action filed under KRS 304.39-060 shall be entitled to a reasonable attorneys' fee in the event that reparation benefits paid to said secured person by that secured person's reparation's obligor are reimbursed by any insurance carrier on behalf of a tortfeasor who is the defendant in any such action filed by the said secured person or in the event such potential 'action' is settled by said potential tortfeasor's insurance carrier on his behalf prior to the filing of any such suit."

Vickie Vaughn-Smith, Baker's client, was struck by a motor vehicle owned and operated by one Timothy Comstock, who was insured by Fireman's Fund Insurance Companies ("Fireman's Fund"). Baker's client carried motor vehicle insurance with Motorist that included basic reparations benefits. Motorist paid the client reparations benefits for medical expenses and lost wages while Baker was pursuing her personal injury claim against Comstock and his liability insurer, Fireman's Fund. Baker settled Ms. Vaughn-Smith's claim with Fireman's Fund before suit for $10,500. In addition Fireman's Fund issued a separate draft for $6,278.26, reimbursement for the medical expenses and lost wages paid by Motorist to the client as no-fault benefits, making the draft payable to both Baker and Motorist. Motorist claims that it is entitled to the full amount of this reimbursement, with no fee to Baker.

Baker filed the present suit against Motorist demanding a fee from the proceeds. The trial court conducted an evidentiary hearing, and decided that Baker was not entitled to a fee. It ordered Baker to endorse the draft in the amount of $6,278.26 over to Motorist Mutual, and dismissed Baker's case.

Baker's claim for his client against the tortfeasor's liability insurance carrier, Fireman's Fund, did not include reparations benefits. When he settled his client's claim with the tortfeasor's liability insurance carrier, Fireman's Fund, he did not claim to represent Motorist for its subrogation rights. In the circumstances, the only conceivable benefit to Motorist from appellant's representation of its insured would have been to establish disputed liability. But the record shows that liability was never in question. Motorist had notified Fireman's Fund directly of its subrogation for reparations benefits and payment was simply on hold awaiting disposition of the client's personal injury claim.

The question is whether the mandatory language of KRS 304.39-070(5) stating that the "attorney . . . shall be entitled to a reasonable attorneys' fee in the event that reparations benefits . . . are reimbursed by any insurance carrier on behalf of a tortfeasor," means that Motorist is required to pay Baker an attorney's fee. The trial court held that Baker "may be entitled to a reasonable attorney's fee, but reasonable may be zero." The Court of Appeals affirmed. We have accepted



Baker v. Motorists Ins. Companies, 695 S.W.2d 415 (Ky. 1985)

discretionary review to consider whether the statute mandates an attorney's fee in these circumstances. We conclude that it does not.

The appellant was unable to name anything he did that was of benefit or assistance to Motorist in collecting reimbursement for reparations benefits paid to his client. The statute in question, "Subsection Five (5) of KRS 304.39-070," is styled, " 'Secured person' — Obligor's rights to recovery."

The five subsections must be read as a whole. Subsection Three (3) provides that a reparation obligor, such as Motorist, having paid basic reparation benefits, may pursue reimbursement for such payment either by joining in an action that may be commenced by the person suffering the injury or by demanding reimbursement directly from the tortfeasor's liability insurance carrier followed by arbitration under KRS 304.39-290 if such reimbursement is not made.

The fact that these alternative remedies are established suggests that although the attorneys' fee language of Subsection Five (5) is mandatory, whether it applies depends on the circumstances.

Subsection Five (5) does not specify how the fee is to be computed. Instead it specifies a "reasonable attorney's fee." A reasonable interpretation of the word "reasonable," in context, is that it directs payment according to the circumstances of the case, rather than without regard to the circumstances of the case.

This is a statutory attorney's fee. It is *not* dependent upon the reparation obligor employing the insured's attorney to represent its subrogation interest. *Morris and McGlincy v. Nationwide Mutual Ins. Co.*, Ky.App., 657 S.W.2d 248 (1983); *Meridian Mutual Ins. Co. v. Walker*, Ky.App., 602 S.W.2d 181 (1980). It is *not* dependent upon the reparation obligor joining in the personal injury action filed by the attorney filed on behalf of the reparation obligor's insured. Subsection Five (5) also applies "in the event such potential 'action' is settled by said potential tortfeasor's insurance carrier on his behalf prior to the filing of any such suit."

Indeed, if the facts show that the attorney's representation of the insured conferred a benefit on the reparation obligor, Subsection Five (5) establishes the attorney's right to collect a reasonable fee from the reparation obligor for the benefit conferred which cannot be evaded or avoided. *Meridian Mutual Ins. Co. v. Walker, supra* at 182. Such a benefit results from establishing liability, from establishing the right to payment of disputed medical expenses or wages, or by other proof of benefit conferred. In a disputed case a reparation obligor which does not pursue arbitration cannot avoid a fee to the injured person's attorney by claiming it intended to later go to arbitration when the proof shows that liability was established by the attorney's efforts. It cannot notify the tortfeasor's insurance carrier of its subrogation and thereafter remain passive, leaving reimbursement subject to the outcome of the client's personal injury claim.

It is not necessary that the reparations obligor employ the services of the injured party's attorney, either directly or impliedly, for the statutory fee to apply. If the attorney confers a benefit on the reparations obligor the reparations obligor cannot avoid the statutory fee by contingency agreement with the tortfeasor's carrier to abide by the results in the injured party's case, or otherwise. Nor is the statutory fee dependent upon proof that the attorney intended by his services to confer a benefit on the reparations obligor in addition to his client, if the proof shows that the result of his services did in fact confer such a benefit.

But none of these scenarios applies here. Here a trial court found that the attorney's representation conferred no benefit on the reparation obligor, either directly or indirectly. Such finding was supported by substantial evidence. Indeed there was no testimony to contradict it. We agree with the trial court that in such circumstances where no benefit is conferred, a reasonable fee is no fee. In *MFA Insurance Co. v. Carroll*,

Baker v. Motorists Ins. Companies, 695 S.W.2d 415 (Ky. 1985)

Ky.App., 687 S.W.2d 553 (1985), the Court of Appeals reached a similar result on similar facts.

The appellee has made a constitutional "due process" and "equal protection" argument, claiming that the statute is unconstitutional if it mandates payment to an attorney whom the reparation obligor has not employed. We disagree. "[A]n insurer who elects to do business in the state also impliedly concents to be bound by the statutes regulating the industry." *Fireman's Fund Ins. Co. v. Bennett*, Ky.App., 635 S.W.2d 482, 485 (1981), affirmed as *Fireman's Fund Ins. Co. v. Government Employees Ins. Co.*, Ky., 635 S.W.2d 475 (1982).

The statute intends no windfall for either side. In the particular circumstances of this case where liability was conceded, where the reparations obligor had notified the tortfeasor's insurer of its subrogation, where its right to payment was not in dispute, and where there is no proof that the attorney's work conferred any benefit on the reparations obligor, directly or indirectly, we agree with the trial court that a reasonable fee is no fee.

The judgment of the trial court and the decision of the Court of Appeals is affirmed.

STEPHENS, C.J., and AKER, GANT, LEIBSON and WINTERSHEIMER, JJ., concur.

VANCE, J., dissents by separate opinion.

STEPHENSON, J., joins in his dissent.

### VANCE, Justice, dissenting.

In this case, the appellee, Motorists Insurance Companies, raised the issue that K.R.S. 304.39-070(5) is unconstitutional because it deprives the Insurance Carrier of its property without due process of law and denies equal protection of law because it requires a carrier to pay a fee to an attorney it did not employ.

It was entirely unnecessary to decide the constitutional question because we upheld the decision of the trial court that a reasonable fee in this case was no fee at all. Our opinion should end at that point, under the well-established principle that we do not decide constitutional issues if the case can be resolved on some other basis. But the opinion goes on to state that the court disagrees with the contention that the statute is unconstitutional. The opinion gives no reason for this holding except a statement that "an insurer who elects to do business in the state also impliedly consents to be bound by the statutes regulating the industry."

I do not believe that one choosing to do business in this state impliedly agrees to be bound by regulatory statutes, even if they are unconstitutional.

If we are going to uphold the constitutionality of the statute, we should do so for a better reason in a case where the constitutionality of the statute is directly in issue, and a decision of the case on another ground does not render a decision on the constitutionality of the statute unnecessary.

STEPHENSON, J., joins in this dissent.

Presiding Judge: HON. KAREN A. CONRAD (612186)

EXH : 000003 of 000003

NO.                                                                            OLDHAM CIRCUIT COURT

JOHN BYRNES                                                                              PLAINTIFF

v.

**AFFIDAVIT**

NATIONWIDE INSURANCE COMPANY                                                              DEFENDANT

Comes the Affiant, Attorney John Byrnes, and states as follows:

1. I was retained by Mr. Leydis Lopez Gonzalez, Geovanis Jarez Valdez, and Noelkis Cardoza Sollet on or about March 6, 2014.

2. There was no police report filed so I assisted the clients in filling out and filing a Civilian Traffic Collision Report on or about March 6, 2014.

3. On or about March 18, 2014 my office assisted the clients in obtaining and filling out the PIP applications.

4. My office translated the pip applications and translated the answers from the clients in order to return the form to Nationwide Insurance Company.

5. My office returned the PIP applications to Nationwide Insurance Company.

6. There was no police report so I located the insurance information on the at fault driver, so I located the policy of insurance that was covering the vehicle and driver.

7. On or about March 12, 2014, I opened the claims with the at fault driver's insurance company and was given the adjuster of Rocky Lee with Sedgwick.

8. I directed the PIP benefits to be paid as the clients requested.

**EXHIBIT FOUR (4)**

Presiding Judge: HON. KAREN A. CONRAD (612186)

EXH : 000001 of 000003

Filed          19-CI-00352  05/28/2019          Stephen Kaelin, Oldham Circuit Clerk

9. I obtained and gave to Sedgwick Insurance Company supporting documentation for personal injury claims to be pursued.

10. I gave to Nationwide the liability coverage information.

11. I made the clients available to Sedgwick and Nationwide Insurance Company to do taped statements in my office to support the claims asserted.

12. My office obtained all the medical records and bills and forwarded them to Rocky Lee at Sedgwick Insurance Company in order to assert the claim.

13. The liability claim was denied by Rocky Lee at Sedgwick insurance company.

14. I filed a lawsuit to pursue the injury claims that were the basis of this claim.

15. I answered written discovery with my clients as requested by the defense firm Dinsmore and Shoal on or about June of 2016.

16. I attended the depositions of the witnesses to the collision and cross examined the witness.

17. On or about August 23, 2016 I attended the depositions of the clients in my office to establish liability and damages for the claim.

18. On or about November 12, 2015, I submitted affidavits of damages to the Court to support the claims of the plaintiffs against the defendants.

19. On or about December 19, 2016 the claims for Mr. Leydis Lopez Gonzalez, Geovanis Jarez Valdez, and Noelkis Cardoza Sollet were resolved in favor of the Nationwide insured paving the way for Nationwide to recoup the PIP benefits paid on the claim from Sedgwick Insurance Company.

Presiding Judge: HON. KAREN A. CONRAD (612186)

EXH : 000002 of 000003

2

20. After several years of work and several depositions, discovery, correspondence, Motions and negotiation the liability was accepted and conferred a direct benefit to Nationwide Insurance Company for which they received reimbursement.

21. Further, the affiant say not.

Affiant, John Byrnes

Gretur Sierra
My commission expires
Oct 27, 2020

3

COMMONWEALTH OF KENTUCKY
OLDHAM CIRCUIT COURT
JUDGE KAREN CONRAD
CIVIL ACTION NO. 19-CI-00352
*Electronically Filed*

JOHN W. BYRNES, ATTORNEY                         PLAINTIFF

VS.          **NOTICE OF FILIING OF NOTICE OF REMOVAL**

NATIONWIDE MUTUAL
INSURANCE COMPANY                                    DEFENDANT

\*\*\*     \*\*\*     \*\*\*     \*\*\*

      Please take notice that, pursuant to 28 U.S.C. § 1446(d), Defendant, Nationwide Mutual Insurance Company, has on this 12th day of June 2019 removed this action by filing a Notice of Removal in the United States District Court for the Western District of Kentucky, Louisville Division, together with a complete copy of all process, pleadings, and orders served upon this Defendant in the state court action as of the date of the filing of the removal. A complete, true, and correct copy of such Notice of Removal, without exhibits, is attached hereto as Exhibit A.

                                                 Respectfully submitted,

                                                 WMR DEFENSE

                                                 */s/ Josh Leckrone*
                                                 John W. Walters
                                                 Joshua J. Leckrone
                                                 920 Lily Creek Road, Suite 102
                                                 Louisville, Kentucky 40243
                                                 Telephone:     (502) 785-9090
                                                 Facsimile:      (502) 742-0326
                                                 COUNSEL FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that the foregoing has been served on this the 12th day of June 2019 by mailing and/or emailing a true and accurate copy to the following:

PIRATA PSC d/b/a Jeffrey A. Sexton,
Attorney
325 W. Main St., Ste. 150
Louisville, KY 40202
(502) 893-3784
*Counsel for Plaintiff John W. Byrnes, Attorney*

_____
COUNSEL FOR DEFENDANT

2112.006174C:\NRPortbl\Golden_and_Walters\MAEVE\1047427_1.docx